UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOB S. OJUGBANA,<br><br>Plaintiff,<br><br>v.<br><br>VIRGIN ATLANTIC AIRLINE, RICHARD CHARLES NICHOLAS BRANSON, AND SHAI WEISS (C.E.O.),<br><br>Defendants. | CASE NO: 24-cv- |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Virgin Atlantic Airways, Ltd. (s/h/a "Virgin Atlantic Airline" and hereinafter "Virgin Atlantic") hereby removes this pending action from Suffolk Superior Court to the United States District Court for the District of Massachusetts, on the following grounds:

### INTRODUCTION

1.  On or about April 25, 2024, Plaintiff Bob S. Ojugbana ("Plaintiff") filed in Suffolk Superior Court, a Complaint bearing Civil Docket No. 24-1106F (the "State Court Action"). The Complaint named as defendants Virgin Atlantic, Richard Charles Nicholas Branson, the founder and President of Virgin Atlantic (hereinafter "Branson"), and Shai Weiss, the Chief Executive Officer of Virgin Atlantic ("hereinafter "Weiss"). A true and correct copy of the Summons and Complaint (the "Complaint") is attached hereto as Exhibit A.

2.  On April 29, 2024, Virgin Atlantic was served with a copy of the Complaint via CT Corporation, its registered agent for service of process.

3.	On April 29, 2024, Plaintiff also attempted service on Branson via CT Corporation. Branson disputes that such service was proper because CT Corporation is not Branson's authorized agent for service of process.

4.	The Complaint was not served on Shai Weiss.

5.	On May 15, 2024, Plaintiff filed with Suffolk Superior Court an Amended Complaint. The Amended Complaint is in all respects identical to the Original Complaint, except that it does not include Shai Weiss as a defendant. A true and correct copy of the Amended Complaint (the "Amended Complaint") is attached hereto as Exhibit B.

6.	The entire state court record, including the Complaint, Amended Complaint, Civil Action Cover Sheet and Returns of Service for Virgin Atlantic and Mr. Richard Branson (collectively, the "State Court Record") are attached herein as Exhibit C. Certified copies of the State Court Record will be filed with the Federal Court pursuant to Local Rule 81.1 once received by Virgin Atlantic.

7.	In the Amended Complaint, Plaintiff asserts claims against Virgin Atlantic and Branson for food poisoning he allegedly suffered as the result of a "contaminated meal" that was served to him during a Virgin Atlantic flight from Lagos, Nigeria to London, England. At the time of the incident, Plaintiff was traveling pursuant to tickets providing transportation from Lagos to Boston, via London. *See* Amended Complaint.

8.	The law firm of Clyde & Co US LLP has been retained to represent defendants Virgin Atlantic and Branson, and the originally named defendant and now non-party, Weiss.

### FEDERAL QUESTION JURISDICTION EXISTS BECAUSE PLAINTIFF'S CLAIMS ARISE UNDER A TREATY OF THE UNITED STATES

9.	Removal is proper because this Court has original jurisdiction of this case based on the existence of a federal question under 28 U.S.C. § 1331.

10. Plaintiff's claims arise under and are governed exclusively by a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9720 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter, the "Montreal Convention").

11. The Montreal Convention applies to all and exclusively governs claims for bodily injuries sustained during "international carriage" by air within the meaning of Article 1 of the Convention. *See* Montreal Convention, Article 17; *Dagi v. Delta Airlines, Inc.*, 961 F.3d 22, 27-28 (1st Cir. 2020).

12. Pursuant to the Montreal Convention, "international carriage" by air includes carriage in which, according to the agreement between the parties, the place of departure and the place of destination are: (1) situated within two different State Parties; or (2) within the territory of a single State Party if there is an "agreed stopping place within the territory of another State, even if that State is not a State Party." Montreal Convention, Art. 1(2).

13. The United States, the United Kingdom and Nigeria, all are State Parties to the Montreal Convention. *See International Civil Aviation Organization (ICAO), Current List of Signatories to the Montreal Convention of 1999* available at https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (last visited May 9, 2024).

14. The Amended Complaint alleges that Plaintiff suffered bodily injuries during international carriage by air because, at the time of the food poisoning incident described in the Complaint, plaintiff was traveling on Virgin Atlantic from Lagos to Boston, via London. *See* Montreal Convention, Art. 17; *Dagi v. Delta Airlines, Inc.*, 961 F.3d 22 (1st Cir. 2020).

15. Accordingly, the rights of Plaintiff and Virgin Atlantic in this litigation are governed exclusively by the terms and provisions of the Montreal Convention, and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a).

16. Although Branson maintains that the attempted service on him through CT Corporation is not valid, any claims that Plaintiff asserts against him in this litigation also are governed by the terms and provisions of the Montreal Convention. *See* Montreal Convention, Articles 30 and 43; *Fadhliah v. Societe Air France*, 987 F.Supp.2d 1057, 1064-65 (C.D. Ca. 2013). And, supplemental jurisdiction also exists over the claims against Branson pursuant to 28 U.S.C. § 1367. *See Fadhliah*, 987 F.Supp.2d at 1064-65.

### THIS NOTICE OF REMOVAL IS TIMELY AND PROCEDURALLY PROPER

17. In addition to satisfying the requirements of jurisdiction, Virgin Atlantic has satisfied all other requirements for removal.

18. The Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is being filed within thirty (30) days of the service date on Virgin Atlantic on April 29, 2024.

19. Furthermore, to remove an action to federal court, "all defendants who have been properly joined and served" must consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Although Branson maintains that the attempted service on him through CT Corporation is not valid, and therefore his consent to the removal is not necessary, he nonetheless consents to this removal.

20. A copy of this Notice of Removal will be filed with the Clerk's Office of the Suffolk Superior Civil Court, and will be served upon plaintiff pursuant to 28 U.S.C. § 1446(d).

21. Furthermore, venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending (Suffolk Superior Court).

4

## CONCLUSION

WHEREFORE, Defendant Virgin Atlantic prays that the above-entitled action now pending in the Suffolk Superior Civil Court be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. A copy of this Notice of Removal will be filed promptly with the Clerk of Suffolk County Superior Court and served upon the plaintiff in accordance with 28 U.S.C. § 1446(d). This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(d). Virgin Atlantic does not waive any available defense by filing this Notice of Removal. Virgin Atlantic requests the opportunity to brief and respond, both in writing and orally, against any Motion to Remand filed by the Plaintiff.

VIRGIN ATLANTIC AIRWAYS, LTD.
By its attorney,

*/s/ Brian J. O'Connor*
Brian J. O'Connor, BBO No. 691004
Brian.oconnor@clydeco.us
CLYDE & CO US LLP
265 Franklin Street, Suite 802
Boston, MA 02110-3113
(617) 728-0050
Dated: May 20, 2024                   (617) 728-0052 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, a true copy of the above document was served by first-class mail on the following party, representing himself *pro se*:

To: Bob S. Ojugbana
239 Neponset Valley Park-Way
Boston, MA 02136

*/s/ Brian J. O'Connor*
Brian J. O'Connor