UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOB S. OJUGBANA,               ) <br>               ) <br>       Plaintiff,       ) <br>               ) <br>       v.             ) <br>               ) <br> VIRGIN ATLANTIC AIRWAYS LTD.   ) <br> and RICHARD NICHOLAS BRANSON,   ) <br>               ) <br>       Defendants.       ) <br>               ) | Civil Action No. <br> 24-11334-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This action arises from an alleged incident of food poisoning on board an international flight. The complaint alleges that defendant Virgin Atlantic Airways served contaminated food to plaintiff Bob Ojugbana on a flight from Lagos, Nigeria, to London. The complaint also names as a defendant Richard Branson, the president and founder of Virgin Atlantic. Plaintiff is proceeding *pro se*.

Defendants have moved to dismiss the complaint for lack of personal jurisdiction. For the reasons that follow, the motion to dismiss will be granted.

**I.**     **Background**

The following facts are as alleged in the amended complaint.[1] Additional facts related to the jurisdictional issue have been offered by the defendant, and the Court relies on them only to

---

[1] After the defendants answered the amended complaint, plaintiff filed an "answer." Plaintiff, having already amended his complaint, was not entitled to amend it as of right. Fed. R. Civ. P. 15(a)(1). Furthermore, the "answer" is fundamentally argumentative, rather than factual, and omits key parts of plaintiff's claims, which are better described in his amended complaint. Therefore, even though the defendants appear to have construed

the extent they are uncontested. While those facts are included here for clarity and completeness, it remains the plaintiff's burden to "make affirmative proof" of jurisdiction. *See Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 257 (1st Cir. 2022).

A. **Factual Background**

Virgin Atlantic Airways Ltd. is an airline that operates international flights. (ECF 23 at 1). Its principal place of business is in Crawley, England. (*Id.*). All shareholder meetings, board meetings, and corporate operations take place in England. (*Id.*). Virgin Atlantic's founder and president is Richard Branson, who is not a resident of Massachusetts. (*Id.*)

In November 2023, Bob Ojugbana, purchased round-trip tickets on Virgin Atlantic from Boston to Lagos, Nigeria, with a connection in London. (*Id.* at 2). He purchased the tickets over the telephone, through a Virgin Atlantic call center in Atlanta, Georgia. (*Id.*) In January 2024, he flew without incident from Boston to Lagos. (*Id.*) On February 12, 2024, he became ill during his return. (Am. Compl. at 1)

The complaint alleges that the illness arose because of food served on his flight from Lagos to London. Specifically, he contends that his Virgin Atlantic left the cheese on his burger wrapped in plastic for too long. (*Id.*). The complaint alleges that as a result, he suffered from severe discomfort and gastrointestinal distress on the leg of his journey from London to Boston. (*Id.*).[2]

The complaint further alleges that Ojugbana has attempted without success to negotiate directly with Virgin Atlantic. (*Id.* at 3). It alleges that Virgin Atlantic has refused to apologize,

---

plaintiff's "answer" as an amended complaint, amending their answer in response, the Court will construe the document as a supplemental memorandum in opposition to the defendants' motion to dismiss.

[2] The complaint implies, but does not state, that Virgin Atlantic operated that second flight. (Am. Compl. at 1). Defendants, however, confirm that Ojugbana traveled on a Virgin Atlantic flight from London to Boston. (ECF 23 at 2).

and is in fact trying to "suppress [him] just because of [his] skin color." (*Id.*). It seeks "justice and compensation so that such will not happen to other passengers." (*Id.*).[3]

**B.     Procedural Background**

On April 25, 2024, plaintiff brought this action in Suffolk Superior Court. On May 15, 2024, he filed an amended complaint, which eliminated one of the previously-named defendants. On May 20, 2024, defendants timely removed the case to this court.

Plaintiff has moved to appoint counsel; to remand the case to state court; to compel production of documents; and to enter a default judgment against defendants. Defendants have moved to dismiss all claims for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**II.     Standard of Review**

The exercise of personal jurisdiction over a defendant must be authorized by statute and accord with the due-process requirements of the U.S. Constitution. *See A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). Consistent with those requirements, a court may exercise either general or specific jurisdiction. *See Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 35 (1st Cir. 2016).

Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001) (citations omitted).

The plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant. *See Rosenthal v. Bloomingdales.com, LLC*, 101 F.4th 90, 94 (1st Cir. 2024).

---

[3] In subsequent filings plaintiff has sought $500,000 in damages and at least "$100,000 from each of the defendants." (ECF 10 at 2; ECF 28 at 3).

Where, as here, the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(2) without first holding an evidentiary hearing, the *prima facie* standard applies. *See Swiss Am. Bank*, 274 F.3d at 618.

Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [the plaintiff's] jurisdictional claim." *A Corp.*, 812 F.3d at 58. The plaintiff may not "rely on unsupported allegations in its pleadings." *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)) (alteration omitted). Instead, the plaintiff "must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." *Id.* (quoting *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)). In other words, plaintiffs cannot "rely solely on conclusory averments but must adduce evidence of specific facts." *Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 54 (1st Cir. 2020). Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)).

### III. <u>Analysis</u>

Defendants have moved to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction. Plaintiff has opposed the motion, primarily on the grounds that Virgin Atlantic does business in Massachusetts, that he purchased his flight ticket in Massachusetts, and that Branson "should be held fully responsible for the actions of the airline." (ECF 28 at 2-3).

A federal court can assert personal jurisdiction over an out-of-state defendant only if both the state long-arm statute and the principles of constitutional due process allow it. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002). The Court

will limit its analysis to whether plaintiff has met the minimum threshold required by the Constitution.[4]

### A. General Jurisdiction

For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915, 924 (2011). For a foreign-state corporation, a court may assert general jurisdiction "when [its] affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)). To be "at home" in a foreign state, a corporation must have affiliations with that state so substantial that it is "comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133 n.11 (2014). The Supreme Court has indicated that such jurisdiction will exist only in the "exceptional case." *Id.* at 139 n.19.

#### 1. Virgin Atlantic

Plaintiff's opposition to the motion to dismiss alleges that Virgin Atlantic is "organized and registered in Boston, with the Secretary of the Commonwealth of Massachusetts." (ECF 28 at 2). But the complaint makes no such allegations. And even if it did, registration in a state—for example, registration as a foreign corporation—does not mean a company is incorporated in that state. In fact, Virgin Atlantic is incorporated in England, not Massachusetts. (ECF 23 at 1).

Furthermore, nothing in the complaint suggests that Virgin Atlantic is functionally "at home" in Massachusetts. *Daimler*, 571 U.S. at 133 n.11. Plaintiff's opposition to the motion to

---

[4] The Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, is "not coextensive with what due process allows," but contains its own specific (and narrower) statutory requirements. *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324, 330 n.9 (2017). Because the Court determines that asserting personal jurisdiction here does not satisfy the minimum requirements of constitutional due process, it need not consider whether it could be authorized under the more restrictive requirements of the Massachusetts long-arm statute.

dismiss alleges that Virgin Atlantic Airways operates flights and has offices in multiple cities, including Boston. (ECF 28 at 2-3). But, once again, the complaint does not actually allege those facts. And even if it had, the mere fact of doing business in a state does not establish the "exceptional" circumstances required for a forum to assert general jurisdiction over an out-of-state defendant. *Daimler*, 571 U.S. at 139 n.19.

Accordingly, the complaint has not established that the Court can exercise general jurisdiction over Virgin Atlantic.

### 2. **Branson**

Similarly, the complaint has not adduced any facts that show that Branson is at home, or functionally at home, in Massachusetts. Branson is not domiciled in Massachusetts. And, in fact, the complaint does not allege a single relevant fact about him other than his status as president and founder of Virgin Atlantic. Therefore, the Court cannot exercise general jurisdiction over Branson.

### B. **Specific Jurisdiction**

Due process requires that a defendant over whom a court seeks to exercise specific jurisdiction has maintained "minimum contacts" with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316; *see also Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). That standard requires "a demonstrable nexus between the complaint's claims and the activities in the forum." *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 18 (1st Cir. 2019) (quotation marks omitted). The minimum-contacts analysis has three prongs—relatedness, purposeful availment, and reasonableness.

First, the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum. *See Chen*, 956 F.3d at 59 (citing *Scottsdale Cap. Advisors v. The Deal, LLC*, 887

F.3d 17, 20 (1st Cir. 2018)) (internal citations omitted).  Second, the defendant's forum-state contacts must "represent a purposeful availment of the privilege of conducting activities in that state."  *Id*.  Third, the exercise of specific jurisdiction in the forum must be reasonable under the circumstances.  *See id*.  "Failure to make any one of these showings dooms any effort to establish specific personal jurisdiction."  *Scottsdale Cap.*, 887 F.3d at 20.

        **1.**      **<u>Virgin Atlantic</u>**

Here, the second prong of the inquiry is satisfied, as Virgin Atlantic has purposefully availed itself of the privilege of conducting activities in Massachusetts.  It operates flights to and from Massachusetts voluntarily, making it "foreseeabl[e]" that it would "fall[ ] subject to Massachusetts's jurisdiction."  *Copia Commc'ns v. AMResorts, L.P.*, 812 F.3d 1, 5 (1st Cir. 2016) (quoting *Adelson*, 510 F.3d at 48).  Whether the Court can exercise jurisdiction over Virgin Atlantic thus turns on the first and third prongs of the inquiry:  the relationship between the plaintiff's injuries and defendant's activities in the forum, and the reasonableness of exercising jurisdiction under the circumstances.

First, "[t]o satisfy the relatedness prong, [plaintiff] must show a nexus between [its] claim and the defendants' forum-based activities."  *Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 160 (1st Cir. 2022).  In other words, "[t]he plaintiff's claims . . . 'must arise out of or relate to the defendant's contacts' with the forum."  *Ford Motor*, 592 U.S. at 359 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255, 262 (2017)).  For tort claims, the relatedness inquiry "focuses on whether the defendant's in-forum conduct caused the injury or gave rise to the cause of action."  *Swiss Am. Bank*, 274 F.3d at 622.  The question is disjunctive; a claim may either have a direct causal relationship to a defendant's in-forum activities, or it may be sufficiently related to those activities to justify subjecting a defendant to personal jurisdiction there.  *See Ford Motor*, 592 U.S. at 362 (discussing the distinction between

7

the "arise out of" and "relate to" components of the relatedness inquiry); *see also Nowak v. Tak How Invs.*, 94 F.3d 708, 716 (1st Cir. 1996).

The complaint does not include any reasonably specific factual allegation that any of Virgin Atlantic's activities in Massachusetts are responsible for the alleged injuries on his flight between Lagos and London. The plaintiff's opposition to defendants' motion to dismiss alleges that plaintiff purchased his ticket from Boston to Lagos while he was in Massachusetts. But he did so through the Virgin Atlantic call center in Atlanta. More importantly, the sale of the ticket is not alleged to have caused the contamination of his food. As Virgin Atlantic has set out in detail, the food served on plaintiff's flight was prepared exclusively in Nigeria.

Without a direct causal relationship, to prevail on the relatedness prong plaintiff must show that his claims nonetheless "relate to" the activities of each of the moving defendants in Massachusetts. *See Ford Motor*, 592 U.S. at 362 (discussing the distinction between the "arise out of" and "relate to" components of the relatedness inquiry). Although the Supreme Court and the First Circuit have not explicitly enumerated the factors relevant to whether a claim is sufficiently "related to" a defendant's in-forum activities to authorize personal jurisdiction in that forum, that requirement is not satisfied here.

In *Cappello v. Restaurant Depot*, 89 F.4th 238 (1st Cir. 2023), the First Circuit recently considered whether the plaintiff had established personal jurisdiction in New Hampshire over an out-of-state wholesaler and distributor of allegedly contaminated lettuce that the plaintiff had eaten in New Jersey, allegedly causing a serious infection. *Id.* at 241-42. The plaintiff contended that because the defendants had sold some of its lettuce in New Hampshire, and because he was injured by the defendant's lettuce, albeit in New Jersey, personal jurisdiction over the defendant could be established in New Hampshire. *Id.* at 244-45.

The First Circuit concluded that personal jurisdiction had not been established. In doing so, it rejected the theory that the relatedness prong "[was] satisfied because 'the *type of product* that [plaintiff] was injured by is *the type of product* that [defendant] reaps a benefit from in its business contacts in New Hampshire.'" *Id.* at 246. It concluded that the plaintiff had "proffer[ed] no evidence that [the defendant's] New Hampshire contacts included contacts—retail consumption of a salad outside the forum state—like those from which this lawsuit arose." *Id.*

Here, the complaint alleges that Virgin Atlantic operates flights to and from Boston. But the complaint does not allege that its Massachusetts activities included activities such as those which caused the injury—that is, purchasing and serving food. Thus, there is no clear nexus between the forum, the defendant, and the allegations in the complaint. Accordingly, Virgin Atlantic's contacts with the forum are not sufficiently related to the plaintiff's alleged injury to support the exercise of specific jurisdiction.

It would also be unreasonable under the circumstances to exercise personal jurisdiction. The "gestalt" factors address the reasonableness and fairness of subjecting the defendant to the court's jurisdiction by analyzing

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Adelson*, 510 F.3d at 51 (quoting *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1087 (1st Cir. 1992)).

It would certainly be more convenient for the plaintiff to litigate in Massachusetts. And Massachusetts may have some limited interest in affording a convenient forum to an injured

resident.  But because the substantive rights at issue here arise from an international treaty and are applied to the conduct of an out-of-state defendant, the marginal interest of the forum is limited.  On the other hand, defendant would be unduly burdened by litigating this matter in Massachusetts, because the potential witnesses and evidence, including the employees and contractors personally involved in the incident, are all based either in Nigeria or in England.  Those burdens substantially outweigh the benefits to the plaintiff, making the exercise of personal jurisdiction over Virgin Atlantic unreasonable under these circumstances.

Accordingly, the Court cannot, consistent with the constitutional due process, exercise personal jurisdiction over Virgin Atlantic.

### 2. Branson

The complaint alleges no specific facts about defendant Branson.  Plaintiff's subsequent filings have suggested that the Court should hold him personally responsible for the actions of the airline he founded.  Even if the Court embraced this proposition as to the substance of the alleged injury, and even if it applied the proposition equally to assertions of jurisdictional facts, the complaint has failed to establish a basis for personal jurisdiction over Virgin Atlantic.  The Court therefore finds no basis to assert personal jurisdiction over defendant Branson.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.  Plaintiff's motions to appoint counsel, to remand, to produce documents, and to enter default judgment against the defendant are DENIED as moot.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  November 5, 2024            Chief Judge, United States District Court